UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 16-0738 AG (AGRx) | Date | April 28, 2016 |
|---|---|---|---|
| Title | THERESA BROOKE v. BAHHA, LLC. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION AND ORDER SETTING HEARING**

Plaintiff Theresa Brooke has filed multiple cases in this district alleging violations of the Americans with Disabilities Act ("ADA") and seeking injunctive relief, statutory damages, and attorney fees. One of those cases, captioned above, was assigned to this Court.

According to the complaint, which is extremely similar to the others Plaintiff has filed in this Court, Plaintiff is a disabled person who lives in Arizona. But her cases all relate to hotels in California. For each case, including this one, Plaintiff used the same method to discover the California hotels' alleged violations of the ADA. Specifically, Plaintiff alleges that she called Defendant and asked whether its pool or Jacuzzi tub had a pool lift or other means of access for disabled persons. A hotel representative allegedly stated that the hotel did not. Plaintiff's expert agent then visited the hotel and verified that the Jacuzzi tub didn't have a pool lift or other means of access.

Plaintiff alleges that the barriers at Defendant's Jacuzzi tub deterred her from "staying or returning to seek accommodations" at Defendant's hotel. Plaintiff then alleges that she intends to travel to Defendant's hotels "in the future for business, pleasure or medical treatment." Plaintiff does not allege that she has actually visited the hotel and encountered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-0738 AG (AGRx) | Date | April 28, 2016 |
|---|---|---|---|
| Title | THERESA BROOKE v. BAHHA, LLC. | | |

the alleged access barrier.

The Court is not convinced that these allegations are sufficient to give Plaintiff standing under Article III to bring this case. "The Constitution limits the power of federal courts to rule." *Abramson v. Marriott Ownership Resorts, Inc.*, __ F. Supp. 3d __, 2015 WL 105889, at *1 (C.D. Cal. Jan. 4 2016). Accordingly, "[t]he courts police their exercise of power themselves." *Id.* (citing Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")). "This self-enforced check is crucial in a nation governed by the rule of law. So courts take this sacred duty seriously and guard their limited jurisdiction jealously." *Id.* (citing *Ghazaryan v. Wells Fargo Bank, N.A.*, 42 F. Supp. 3d 1341, 1342 (C.D. Cal. 2014)). The Court is particularly attuned to the need to self-enforce its own jurisdiction over this case because of a recent decision involving the same Plaintiff and lawyer as here finding that the "call and confirm" method was insufficient to create Article III standing. *Brooke v. Kalthia Group Hotels*, No. 15-CV-1873-GPC (KSC), 2015 WL 7302736 (S.D. Cal. Nov. 11, 2015).

## DISPOSITION

Accordingly, the Court **ORDERS TO SHOW CAUSE** why these cases should not be dismissed for lack of subject matter jurisdiction. Plaintiff is ORDERED to appear at a hearing on **May 2, 2016, at 10:00 a.m.** to respond to this Order.

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |